UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 10-40219 |
| EDWARD MANDEL, | § | |
| | § | (Chapter 11) |
| Debtor. | § | |

**DEBTOR'S OBJECTION TO CLAIM OF STEVEN THRASHER (CLAIM NO. 20)**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION / OBJECTION / APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

COMES NOW Edward Mandel (the "Debtor"), the debtor and debtor-in-possession in the above styled and numbered Chapter 11 bankruptcy case (the "Bankruptcy Case"), and files this his *Objection to Claim of Steven Thrasher (Claim No. 20)* (the "Claim Objection"), respectfully stating as follows:

### I. BACKGROUND

1. On January 25, 2010 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby initiating the Bankruptcy Case and creating his bankruptcy estate (the "Estate"). The Debtor remains in possession of the Estate as a debtor-in-possession, subject to pending motions to appoint trustee.

2. The Court has jurisdiction over this Claim Objection under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. §§ 157(b)(2)(B) and (O). Venue of this Claim Objection before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## II. THE SUBJECT CLAIM

3. Attached hereto as Exhibit "A", and incorporated herein, is that certain proof of claim, assigned Claim No. 20 by the Clerk of the Court (the "Subject Claim"), filed by Steven Thrasher ("Thrasher") in the Bankruptcy Case on June 8, 2010 (the Subject Claim amends a prior claim filed by Thrasher which was subject to a notice to strike).[1]

4. By the Subject Claim, Thrasher asserts a general unsecured claim against the Estate in the amount of $56,000,000.00. The sole basis of the Subject Claim is Thrasher's prepetition petition filed in the "White Nile Litigation", which was pending in the 14th Judicial District Court for Dallas County, Texas (the "State Court") as of the Petition Date. The Debtor has since removed the White Nile Litigation to this Court as Adversary Proceeding No. 10-04133 (the "Adversary Proceeding"), although motions for the abstention or remand thereof have been filed.

5. The fundamental basis of Thrasher's underlying claim, as evidenced by the Proof of Claim, concerns White Nile Software, Inc. ("White Nile"), a company started by the Debtor and Thrasher. Thrasher alleges that either he individually owned various intellectual property used by White Nile, or that White Nile owned said intellectual property subject to Thrasher's rights therein. Thrasher further alleges that the Debtor, after the collapse of White Nile, founded NeXplore Corporation ("NeXplore") and transferred the underlying intellectual property to NeXplore in violation of multiple duties and laws.

---

[1] Thrasher also filed Claim No. 31, which was struck by the Court as insufficient on June 28, 2010. Therefore, the Debtor believes that no further action with respect to said struck claim is necessary.

6. Thus, Thrasher assets affirmative causes of action against the Debtor (and others) including for alleged theft of trade secrets, conversion, breach of contract, conspiracy, breach of alleged settlement agreement, breach of fiduciary duty, fraud, negligent misrepresentation, and oppression of shareholder rights. The alleged damages, including punitive damages, are asserted at $56 million.

### III. OBJECTIONS

7. Pursuant to the Bankruptcy Code, a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1) (2008). Here, the Subject Claim is based entirely on unadjudicated and disputed allegations. To the extent necessary, the Debtor hereby disputes, answers, and denies Thrasher's allegations concerning any of Thrasher's allegations as to any liability by the Debtor. As such, the Subject Claim is unenforceable under "applicable law," in this instance the underlying law governing Thrasher's causes of action. *See, e.g., In re Ford*, 125 B.R. 735, 737-38 (E.D. Tex. 1991).

8. Although the Subject Claim is deemed allowed if timely filed, the Subject Claim is based entirely on unadjudicated allegations and should therefore be subject to a lesser standard of objection that a claim based on a writing, judgment, or instrument. Nevertheless, to negate any *prima facie* evidentiary effect of the Subject Claim, attached hereto as Exhibit "B" and incorporated herein is that certain *Declaration of Edward Mandel*, pursuant to which the Debtor refutes and negates the allegations forming the basis of the Subject Claim. Upon the filing of this Objection, therefore, the Subject Claim is no longer entitled to any *prima facie* validity. *See* 11 U.S.C. § 502(a). The burden of proof on the Subject Claim is with the claimant, in this case Thrasher, to ultimately prove the Subject Claim. *See In re Ford*, 125 B.R. at 737-38.

## IV. RESERVATION OF RIGHTS

9. The Debtor files this Claim Objection pursuant to the provisions of section 502 of the Bankruptcy Code. In so doing, the Debtor reserves all of his rights with respect to any counterclaim or other claim against Thrasher, or any claim, cross-claim, or other rights against any other person or entity. The Debtor further reserves his right to seek the estimation of the Subject Claim as may otherwise be appropriate. The Debtor expects that litigation will be required to adjudicate the Subject Claim and this Claim Objection. The Debtor reserves all of this rights with respect to the same. The Debtor further reserves his right to seek to consolidate this Claim Objection with the Adversary Proceeding for purposes of the final adjudication of the Subject Claim, as may otherwise be appropriate and requested by the Debtor.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order: (i) sustaining this Claim Objection; (ii) disallowing the Subject Claim in full; and (iii) granting the Debtor such other and further relief to which he may show himself to be justly entitled.

RESPECTFULLY SUBMITTED this 14th day of July, 2010.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
3800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE
DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that, on this the 14th day of July, 2010, true and correct copies of this document, with the exhibits hereto, were electronically served by the Court's ECF system on parties entitled to notice thereof, and that, additionally, he caused a true and correct copy of this document, with all exhibits thereto, to be served by e-mail on Mitchell Madden, Esq., counsel of record for Thrasher.

                                     By: /s/ Davor Rukavina
                                               Davor Rukavina, Esq.