Doug Skierski
Texas Bar No. 24008046
dskierski@fslhlaw.com
Erin Lovall
Texas Bar No. 24032553
elovall@fslhlaw.com
FRANKLIN SKIERSKI LOVALL HAYWARD LLP
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

CO-GENERAL BANKRUPTCY COUNSEL
FOR DEBTOR EDWARD MANDEL

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In re:** <br><br> **EDWARD MANDEL,** <br> xxx-xx-0657 <br> 5653 Monterey Drive <br> Frisco, Texas 75034 <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 10-40219 |

**APPLICATION OF FRANKLIN SKIERSKI LOVALL HAYWARD, LLP**
**FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF**
<u>**EXPENSES FROM MARCH 17, 2010 THROUGH SEPTEMBER 30, 2010**</u>

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

## APPLICATION SUMMARY

| | |
|---|---|
| Name of Applicant: | Franklin Skierski Lovall Hayward, LLP |
| Authorized to Provide Service to: | Edward Mandel, Debtor |
| Date of Retention: | March 17, 2010 |
| Period for Which Compensation and Reimbursement Are Sought: | March 17, 2010 through September 30, 2010 |
| Total Hours Incurred in Application Period: | 456.20 |
| Amount of Compensation Incurred in Application Period: | $143,725.00 |
| Total Compensation Sought for Fee App: | $143,725.00 |
| Amount of Expense Reimbursement Sought: | $7,028.47 |
| **TOTAL** | **$150,753.47**[1] |

TO THE HONORABLE BRENDA T. RHOADES
UNITED STATES BANKRUPTCY JUDGE:

The law firm of Franklin Skierski Lovall Hayward, LLP ("FSLH" or the "Firm"), co-counsel for debtor and debtor-in-possession Edward Mandel (the "Debtor") makes this Application for Allowance of Fees and Reimbursement of Expenses from March 17, 2010 through September 30, 2010 (the "Application").

## I.
## JURISDICTION

1.  This Court has jurisdiction over the Bankruptcy Case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. The proceeding initiated by the filing of this Application

---

[1] FSLH believes it is appropriate for the Court to order a 20% hold back on fee amounts allowed, of which FSLH will seek payment in a final fee application at a later date. After holdback, the amount of fees sought is $114,980.00, with a total compensation and reimbursement sought of 122,008.47.

constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

2. On January 25, 2010 (the "Petition Date"), Mandel filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.,* (the "Bankruptcy Code").

3. On March 17, 2010, the Court entered an order granting the Debtor's application to employ Franklin Skierski Lovall Hayward, LLP as co-counsel for the Debtor.

4. The Firm applies under Section 331 of Title 11 of the Bankruptcy Code for the approval and allowance of compensation in the amount of $143,725.00 and reimbursement of expenses in the amount of $7,028.47. This Application covers the period from March 17, 2010 through September 30, 2010 (the "Application Period").

5. No promises have been made regarding compensation to be paid to the Firm.

6. The Firm's professionals and paralegals involved in this representation, and the hourly rate charged by each, are as follows:

| Professional | Hourly Rate |
|---|---|
| Peter Franklin | $400.00 |
| Doug Skierski | $350.00 |
| Erin Lovall | $350.00 |
| Melissa Hayward | $350.00 |
| Robert Johnson | $200.00 |
| Melanie Holmes (Paralegal) | $150.00 |

The rates reflected above are the same hourly rates that the Firm generally charges its clients for similar services. The firm's blended rate for all time spent during the Application Period is $300.00 per hour.

7. During the Application Period, the Firm's lawyers spent a total of 456.20 hours on this case. Fees are itemized by activity category on Exhibit A; expenses are summarized by category and month on Exhibit A. This Exhibit is attached to this Application and incorporated herein by reference.

## III.
## HOURS SPENT

8. This Application covers the period from March 17, 2010 through September 30, 2010. A summary breakdown of how the Firm has been involved in the case is set out below.

9. <u>White Nile and Receiver-related matters</u>. The Firm spent 54.90 hours on these matter during the Application Period, including reviewing multiple pleadings, and negotiating, drafting and negotiating a settlement with the Receiver and the attempt to obtain Court approval of same.

10. <u>Cash Collateral.</u> The Firm spent 18.80 hours on this matter during the Application Period. Included in this category is preparation for and participation in hearings on the Debtor's motions for order authorizing the use of cash collateral and the negotiation and preparation of multiple interim orders which were necessitated by the Receiver's objection to the Debtor's otherwise uncontested cash collateral motions.

11. <u>Claims.</u> The Firm spent 9.40 hours analyzing claims and assets and communicating with creditors regarding same.

12. <u>Communications with Debtor.</u> The Firm spent 26.30 hours during the Application Period corresponding and meeting with the Debtor, preparing for meetings with the

Debtor to discuss hearings, schedules, his Plan, monthly operating reports and various other matters related to his bankruptcy case.

13. <u>General Bankruptcy matters</u>. The Firm spent 100.60 hours during the Application Period reviewing documents related to the bankruptcy case, including pleadings, schedules and tax returns. Reviewed and filed Monthly Operating Reports, 2015.3 statements, communicated with the United States Trustee and the Court, and worked on employing the Debtor's professionals. The process of employing professionals in this case has been more intensive as usual because the Debtor has several counsel for the various litigation in which he is engaged and several professionals had to be employed over objections. Also included in this category is time spent communicating via email and telephone with various individuals regarding monthly operating reports, case strategy, employment of professionals, and other matters in this category.

14. <u>Litigation Matters.</u> The Firm spent 96.80 hours on these matters. Included in this category is time spent preparing and filing pleadings, and preparing for and attending hearings to consider objections to the Debtor's exemptions and continuances of same and the removal and transfer to the Court of certain adversary proceeding.

15. <u>Plan and Disclosure Statement.</u> The Firm spent 97.90 hours during the Application Period drafting, revising, finalizing and filing the Plan of Reorganization, Trust Agreement and Disclosure Statement, reviewing the objections and comments to same and making revisions in response to such objections and comments and communicating with various individuals via telephone and email to discuss same.

16. <u>Trustee motion</u>. The Firm spent 41.60 hours researching issues related to the proposed appointment of a trustee over the Debtor. Two motions were filed seeking the appointment of a Trustee. In coordination with co-counsel, FSLH reviewed, analyzed and

drafted, revised, collected comments on, further revised and finalized the response to the Trustee motions.

17. <u>Schedules/SOFA</u>. The Firm spent 9.90 hours preparing and filing amended schedules.

## IV.
## EVALUATION STANDARDS

18. The Fifth Circuit has ruled that many factors shall be considered by the Court in determining allowance of compensation. <u>See</u>, <u>e.g.</u>, <u>In re First Colonial Corp. of America</u>, 544 F. 2d 1291 (5th Cir.), <u>cert. denied</u>, 431 U.S. 904 (1977); <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F. 2d 714 (5th Cir. 1974); <u>see also</u> <u>In re Drexel Burnham Lambert Group, Inc.</u>, 131 B.R. 13 (Bankr. S.D.N.Y. 1991); <u>In re Hutter Construction Co., Inc.</u>, 126 B.R. 1005 (Bankr. E.D. Wis. 1991); <u>see also</u> <u>In re Nine Associates, Inc.</u>, 76 B.R. 943 (S.D.N.Y. 1987); <u>In re Cuisine Magazine, Inc.</u>, 61 B.R. 210 (Bankr. S.D.N.Y. 1986). As noted by the Fifth Circuit, "the guidelines we [establish] are useful whenever the award of reasonable attorney's fees is authorized by statute." <u>First Colonial</u>, 544 F. 2d at 1299.

19. In awarding compensation pursuant to sections 330 and 331 of the Bankruptcy Code to professional persons employed under section 327 or 1103 of the Bankruptcy Code, the Court must take into account, among other factors, the cost of comparable non-bankruptcy services. Section 330(a) of the Bankruptcy Code provides, in pertinent part, for payment of:

a) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

b) reimbursement for actual, necessary expenses.

20. Time and labor devoted is only one of many factors. According to the Fifth Circuit standards, the number of hours expended must be considered in light of (i) the amounts involved and the results achieved to date, (ii) the novelty and difficulty of the questions presented, (iii) the skill requisite to properly perform the legal services, (iv) the preclusion of other employment, (v) the customary fee to a private client for the services rendered, (vi) awards in similar cases, (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours, (viii) the experience, reputation and ability of the attorneys rendering services, and (ix) the nature and length of the professional relationship with the client (the "Johnson Factors"). See Johnson v. Georgia Highway Express, 488 F. 2d at 717-19 and In re First Colonial Corp. of America, 544 F. 2d at 1294, which makes these factors applicable in bankruptcy cases.[2]

21. Application of the foregoing criteria more than justifies the compensation requested. A brief statement with regard to each of the elements set out in First Colonial is set forth below:

---

2. The Firm recognizes that under settled law the "lodestar method," as first developed by the Third Circuit, see Lindy Bros.Builders Inc. v. American Radiator and Standard Sanitary Corp., 487 F. 2d 161 (3d Cir. 1973), as opposed to the Johnson Factors, as set forth above, is the proper method to be used to determine a reasonable fee in all federal courts, including bankruptcy courts. See, e.g., Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 483 U.S. 711 (1987) ("Delaware Valley II"); Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 346 (1986) ("Delaware Valley I"); United States Football League v. National Football League, 887 F. 2d 408, 413 (2d Cir. 1989), cert. denied, 110 S. Ct. 1116 (1990); In re Cena's Fine Furniture, Inc., 109 B.R. 575 (E.D.N.Y. 1990). However, the Supreme Court has made it clear that the "lodestar method" is presumed to subsume the Johnson Factors. Delaware Valley I, 478 U.S. at 563; Cena's Fine Furniture, 109 B.R. at 581.

APPICATION OF FRANKLIN SKIERSKI LOVALL HAYWARD, LLP
FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES
FROM MARCH 17, 2010 THROUGH SEPTEMBER 30, 2010 - Page 7 of 11

a) <u>The time and labor required</u>:  The Firm has expended 456.20 hours in the representation of the Debtor during the Application Period.  During the Application Period, legal fees totaled $143,725.00.  A detailed description of the services rendered is provided in Exhibit A.

b) <u>The novelty and difficulty of questions</u>:  The Firm has encountered novel legal problems during the course of this individual chapter 11 case, involving legal expertise in bankruptcy reorganization and negotiation.  An individual chapter 11 is a complex procedure under any circumstances; here the case has been made more difficult by the participation in the case of parties who have carried their litigation with the Debtor into every aspect of his case, by the fact that the Debtor filed bankruptcy while his spouse did not, and by the network of businesses and investments owned directly and indirectly by the Debtor.

c) <u>Skill requisite to perform services properly</u>: The case has drawn extensively upon the Firm's attorneys' knowledge of bankruptcy law, litigation and negotiation.

d) <u>The Preclusion of Other Employment</u>:  The time demands during the Application Period were at times extensive but have not significantly precluded other employment.

e) <u>Customary fees</u>:  The rates charged by the Firm were its normal charges for routine work performed in routine matters for clients.  According to the best information available to the Firm, the rates sought for approval here are below those sought in comparably sized cases, both in this district and around the country, by counsel of similar experience.

f) <u>Whether the fee is fixed or contingent</u>: In any bankruptcy case, court-appointed work is contingent.  In addition, the Court has discretion to determine the value of services to the estate and to take into account the availability of funds in the estate.

g) <u>Time Limitations</u>: Although there have been certain deadlines to meet, and there have been certain emergency hearings, but the case has not, thus far, been characterized by emergencies.

h) <u>The experience, reputation and abilities of the attorneys</u>: The members of the Firm have spent their entire legal careers working in litigation and insolvency law. They believe that their abilities are more than adequate to the challenges posed by the case.

i) <u>Undesirability of the case</u>: The Firm does not feel this case or the representation of the Debtor was undesirable.

j) <u>The nature and length of the professional relationship with the client</u>: Prior to this case, the Firm had no dealings with the Debtor.

k) <u>Awards in similar cases</u>: The compensation sought is consistent or below fees being awarded in other cases of similar size in this or other districts in the nation. If anything, the Firm's charges are under the market rates charged by other firms of similar experience and reputation in the Eastern District of Texas at the time they were incurred.

## V.
## EXPENSES

22. In providing professional services during the Application Period, the Firm has incurred actual disbursements on the Debtor's behalf in the amount of $7,028.47, as set forth on Exhibit A.

23. With respect to in-house photocopying charges, the Firm's general policy is to charge its clients the rate of 20¢ per page. However, the Firm typically sends large copying and mailing work to outside services which charge substantially less than the Firm charges, thereby realizing savings for the estate. With respect to facsimile expenses, the Firm charges all of its clients the rate of 25¢ per page for faxes sent; it makes no charge for faxes received. Only

clients who actually use photocopying, facsimile, and other office services of the types set forth in the expense itemization are separately charged for such service. These charges are intended to cover the Firm's costs for the services; the Firm does not believe that the charges constitute a profit.

24. All other expenses are done as pass-throughs; they are charged at the actual amounts charged to the firm, with no profit to the firm. FSLH has endeavored to keep charges to a minimum

25. No agreement or understanding exists between the Firm and any other person for a sharing of compensation received or to be received for services rendered in or in connection with this chapter 11 case, nor shall the Firm share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person.

26. The foregoing constitutes the statement of the Firm pursuant to section 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2016(a).

27. No agreement or understanding prohibited by Section 155 of Title 18, United States Code has been or will be made by the Firm.

28. The Firm does not hold or represent, and has not held or represented at any time during its representation of the Debtor any interest adverse to the Debtor and has been at all times a disinterested party.

WHEREFORE, premises considered, the Firm respectfully requests this Court to: (i) grant interim allowance of compensation for professional services rendered as co-counsel for the Debtor in the amount of $143,725.00 for the Application Period; (ii) direct the Debtor to pay to FSLH $114,980.00, or 80% of the allowed amount of fees; (iii) grant interim allowance and payment of reimbursement of actual and necessary disbursements incurred by the Firm in the

amount of $7,028.47; (iv) direct the Debtor to pay 100% of the allowed expenses; and (v) grant such other further relief as this Court deems just and proper.

Dated: November 8, 2010

Respectfully submitted,

FRANKLIN SKIERSKI LOVALL HAYWARD, LLP


By: *Doug Skierski*
    Doug Skierski
    State Bar No. 24008046
    dskierski@fslhlaw.com
    Erin K. Lovall
    State Bar No. 24032553
    elovall@fslhlaw.com

10501 N. Central Expy., Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

CO-COUNSEL FOR DEBTOR-IN-POSSESSION
EDWARD MANDEL

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Application for Allowance of Fees and Reimbursement of Expenses from March 17, 2010 through September 30, 2010 was served upon the attached service list by electronic filing, email or First Class United States Mail, postage prepaid on this 8th day of November, 2010.


    */s/ Doug Skierski*
    Doug Skierski