

EOD
09/21/2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 10-40219 |
| EDWARD MANDEL, | § | |
| | § | (Chapter 11) |
| Debtor. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER ALLOWING FINAL FEE APPLICATIONS OF: (I) MUNSCH HARDT KOPF & HARR, P.C.; AND (II) FRANKLIN SKIERSKI LOVALL HAYWARD, LLP**

On September 20, 2012, the Court heard the: (i) *Final Application for Allowance of Fees and Reimbursement of Expenses for Services as Counsel to Debtor-In-Possession* [docket no. 943] (the "Munsch Application"), filed by Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"); and (ii) *Final Application of Franklin Skierski Lovall Hayward, LLP for Allowance of Fees and Reimbursement of Expenses from March 17, 2010 through June 8, 2012* [docket no. 949] (the "FSLH Application"), filed by Franklin Skierski Lovall Hayward, LLP ("FSLH"). The Court has otherwise entered an order approving both the Munsch Application and the FSLH Application. The Court now enters these findings of fact and conclusions of law, pursuant to Bankruptcy Rule 7052, as made applicable by Rule 9014(c), with respect to the same, based on the evidence, the docket of the Bankruptcy Case, and the Court's familiarity with the Bankruptcy Case and with multiple hearings and contested matters previously tried therein.

Where appropriate, a finding of fact shall be deemed a conclusion of law, and a conclusion of law shall be deemed a finding of fact.

### I. FINDINGS OF FACT

1. Edward Mandel (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 25, 2012 (the "Petition Date"), thereby initiating this

Chapter 11 bankruptcy case (the "Bankruptcy Case") and creating the bankruptcy estate (the "Estate").

2. From the Petition Date to June 8, 2012, the Debtor was a debtor-in-possession, managing and in control of the Estate.

3. On June 8, 2012, with the Debtor's agreement, the Court ordered the appointment of a Chapter 11 trustee. Thereafter, Milo H. Segner, Jr. was appointed as the Chapter 11 trustee in the Bankruptcy Case (the "Trustee").

4. Munsch Hardt and FSLH served as co-general counsel to the Debtor while he was a debtor-in-possession. After the appointment of the Trustee, they were retained by the Debtor as debtor-out-of-possession.

5. This Court previously approved the retention of Munsch Hardt and FSLH by the Debtor as debtor-in-possession by final order. Munsch Hardt and FSLH filed all necessary disclosures and applications with the Court. Neither Munsch Hardt nor FSLH has had, or now has, any conflict or interest in the Bankruptcy Case which would disqualify it from being employed under the Bankruptcy Code.

6. Both Munsch Hardt and FSLH were retained in this case due to the Debtor's prior counsel, whose employment was subsequently denied by the Court. Neither Munsch Hardt nor FSLH had any particular desire to be employed in this Bankruptcy Case but they did so to assist said former counsel, who is a friend and was a mentor to both principal attorneys at Munsch Hardt and FSLH who represented the Debtor.

7. Munsch Hardt represented the Debtor primarily on litigation matters, while FSLH represented the Debtor primarily on bankruptcy specific issues. Munsch Hardt and FSLH took

effective steps to minimize duplication and inefficiency and, despite two co-general counsel, neither Munsch Hardt nor FSLH duplicated efforts or engaged in inefficient representation.

8. The hourly rates charged by Munsch Hardt and FSLH were reasonable and well within the local standards and practices. Moreover, lower rates were charged than standard rates, and significant amounts were written off.

9. The overall amounts charged by Munsch Hardt and FSLH were reasonable and well within the local standards and practices.

10. The time spent by Munsch Hardt and FSLH on discrete tasks, as well as overall, was reasonable.

11. The expenses sought by Munsch Hardt and FSLH are all actual and necessary expenses of the Debtor and of the Estate, advanced by Munsch Hardt and FSLH, and on which Munsch Hardt and FSLH do not make a profit.

12. The services provided by Munsch Hardt and FSLH were necessary, reasonable, and beneficial. Many of the services provided by Munsch Hardt were in response to actions taken by others, required in order to defend the Debtor and the Estate. Many of the services provided by FSLH were required by the Bankruptcy Code and by expectations of a debtor-in-possession, including preparing and filing a proposed plan.

13. This Bankruptcy Case and related proceedings were exceptionally involved, difficult, unpleasant, and involved numerous contested hearings, appeals, and related proceedings. Munsch Hardt and FSLH prevailed at most of these and they did not initiate most of these. This was not desirable representation due to prepetition and postpetition hostility, mistrust of the Debtor, and very strong and negative emotions against the Debtor held by the main creditors which, as time went on, these creditors attributed also to Munsch Hardt and

FSLH, although Munsch Hardt and FSLH did nothing to deserve this hostility other than professionally, appropriately, effectively, and efficiently represent the Debtor.

14. Although the Debtor has been accused of many prepetition and postpetition misdeeds, wrongful actions, and wrongful omissions, which may or may not be true and will be decided by the Court separately as otherwise appropriate, no evidence has been presented that Munsch Hardt or FSLH participated in or had any role with the same by action or omission. On the contrary, the evidence demonstrates that neither Munsch Hardt nor FSLH participated in any way, by action or omission, with any alleged misdeed, wrongful action, or wrongful omission of the Debtor.

15. Due, sufficient, and appropriate notice of the Munsch Application and the FSLH Application were provided to all affected creditors and parties-in-interest in the Bankruptcy Case.

16. The Court awards Munsch Hardt fees and expenses on a final basis in the amount of $200,000.00 (the "<u>Munsch Fees and Expenses</u>").

17. The Court awards FSLH fees and expenses on a final basis in the amount of $275,000.00 (the "<u>FSLH Fees and Expenses</u>").

18. As used herein, "Munsch Hardt" includes Davor Rukavina, and "FSLH" includes Doug Skierski.

## II. <u>CONCLUSIONS OF LAW</u>

A. The Court has jurisdiction over the Munsch Application and the FSLH Application under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2).

B. The Objecting Parties have withdrawn their objections to the Munsch Application and the FSLH Application. This Court nevertheless has an independent duty to address those

allegations in the context of the final fee applications and to consider the Munsch Fees and Expenses and the FSLH Fees and Expenses. Thus, consideration thereof is appropriate and is not moot.

C. Neither Munsch Hardt nor FSLH breached any ethical duties they owe to the Debtor or to the Estate, both prior to and after the appointment of the Trustee, including, without limitation, any such allegation based on their representation of the Debtor after the appointment of the Trustee, based on their participation in issues concerning the Debtor's children's trust, and based on being allegedly adverse to the interests of the Estate.

D. After the appointment of the Trustee, and at the Trustee's request, both Munsch Hardt and FSLH helped the Trustee and helped to facilitate, in part, an important settlement between the Trustee and the Debtor's children's trust. Prior to the appointment of the Trustee, both Munsch Hardt and FSLH facilitated the Debtor's agreement to the appointment of the Trustee and an agreement with the largest creditors which led to the same.

E. Neither Munsch Hardt nor FSLH participated in any way, by action or omission, with any of the alleged misdeeds, frauds, misrepresentations, and other actions of the Debtor, including, without limitation, with respect to allegations that the Debtor's filings in the Bankruptcy Case are false, that the Debtor breached his fiduciary duties to the Estate, or that the Debtor improperly transferred any property.

F. Neither Munsch Hardt nor FSLH have committed any action or omission which would lead to a cause of action against them by the Estate. The Estate has no cause of action or claim against Munsch Hardt or FSLH, including with respect to any alleged cause of action for malpractice, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, or anything else.

G. Neither Munsch Hardt nor FSLH have engaged in vexatious litigation or have multiplied the proceedings in the Bankruptcy Case or any related proceeding.

H. Neither Munsch Hardt nor FSLH have advanced any argument before this Court or in related proceedings in bad faith, without proper foundation, or for improper purpose.

I. The actions taken by Munsch Hardt and FSLH in the Bankruptcy Case were reasonable, appropriate, and necessary at the time taken.

J. The Munsch Fees and Expenses represent actual, necessary, and beneficial expenses of the Estate, and are fully allowable under section 330, 503(b), and any other relevant section of the Bankruptcy Code.

K. The FSLH Fees and Expenses represent actual, necessary, and beneficial expenses of the Estate, and are fully allowable under section 330, 503(b), and any other relevant section of the Bankruptcy Code.

L. No finding of fact or conclusion of law, and nothing contained herein whatsoever, has any effect on any issue concerning any party other than Munsch Hardt and FSLH, including, without limitation, on any alleged action or omission of the Debtor.

Accordingly, for the foregoing reasons, the Court has by separate order approved the Munsch Application and the FSLH Application.

Signed on 9/21/2012

_____ SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER ALLOWING FINAL FEE APPLICATIONS OF: (I) MUNSCH HARDT KOPF & HARR, P.C.; AND (II) FRANKLIN SKIERSKI LOVALL HAYWARD, LLP – Page 6

MHDocs 4016318_2 11489.1